Gaines *v.* Betts.

GAINES *v.* BETTS.

A justices return to a *certiorari* showed a verdict rendered by a jury in the cause, its amount, and the amount of costs taxed; but it did not appear therefrom that the justice had formally entered judgment upon the verdict, *Held,* sufficient; the finding a verdict, in a justices' court being, in legal effect, a judgment.

A judgment will not be reversed on *certiorari* on the ground that the verdict of the jury was against evidence, unless it appears that there was a total want of testimony to sustain the finding.

It will be presumed that there was evidence to sustain the finding, though none appears, unless the return to the *certiorari* shows that the whole of the testimony in the case is returned.

CASE reserved from Wayne Circuit Court. A sufficient statement of the case appears in the opinion of the court delivered by

FELCH, J.   Betts sued Gaines before a justice of the peace, and declared against him on a contract for building a barn, alleging that he had performed his contract, and was entitled to the price agreed to be paid by Gaines. The suit was tried by a jury, and a verdict rendered in favor of Betts.   Gaines removed the cause to the circuit court by *certiorari*.

The first question presented by the case is, whether there is any judgment to be either affirmed or reversed. According to the return, the justice's docket shows that the case was submitted to the jury on proofs, and that,

" The jury returned with a verdict for the plaintiff of eighteen dollars damages,        -       -       -       $18.00

" And costs of suit taxed at five dollars,   -       5.00."

No other formal entry of judgment by the justice is made on the docket.   The defendant in error, in whose favor this entry is made, contends that here is no judgment to be affirmed or reversed ; and, consequently, the court will not examine it on *certiorari*.

The justices' act (S. L. 1841, p. 98,) imperatively requires the justice to render judgment on the verdict of a jury called to try a cause.   He has no power over the verdict, and no discretion in the matter ; he can do nothing to avoid or set it aside.   The verdict is itself the judgment of the law in the case, and the justice is simply required s o

to make the entry on his docket.   If he neglects to do so, still the verdict must be considered the final determination of the cause.   In New York, under a statute similar to ours, such finding of a verdict has been considered in legal effect a judgment.   *Felter* v. *Mulliner*, 2 J. R. 181; cited and approved in *Hess* v. *Beekman*, 11 Id. 457.

It would be clearly a bar to another suit for the same cause of action, and, being a determination of the rights of the parties as a final adjudication, must be so considered for the purposes of review by *certiorari.*

It is contended that the evidence showed that the plaintiff below had not built the barn according to the terms of his contract, and, therefore, could not recover the stipulated price.   Without proof of performance, it is clear that he was not entitled to recover in the case.   Whether he had performed or not was a question of fact to be determined by the jury on the whole testimony, and the judgment should not be reversed on *certiorari,* unless there was a total want of testimony to sustain the finding of the jury on the point in question.   If there was any proof to sustain the finding, the verdict should stand.   Of this we can judge only by having before us all the testimony given upon the subject to the jury ; and the return should show that all this testimony is returned.   Where the justice merely returns the names of certain witnesses, and states the testimony, without showing that he has given the whole of that testimony, we should presume that other proofs were given in the case upon which the verdict was founded.   If a party asks a superior court to reverse a judgment, upon the testimony merely, he must see that his return contains all the evidence, and that it *shows* that the whole is returned.

This is not shown in the return before us.   The justice has returned, as a part of the entry on his docket, what certain witnesses stated ; but does not return that he has

given us the whole testimony.   We cannot presume that the jury found a verdict without evidence to satisfy them that the barn had been built according to the contract.

*Ordered certified that the judgment below ought to be affirmed.*

*G. V. N. Lothrop,* for the plaintiff in error.

*B. F. H. Witherell,* for the defendant in error.