SOLOMON BOWMAN *et al.* *vs.* HEKLA FIRE INSURANCE Co.

Argued July 2, 1894.   Affirmed July 13, 1894.

No. 8792.

**Evidence of a judgment recovered in a sister state.**

*Gunn* v. *Peakes*, 36 Minn. 177, followed as to the sufficiency of a foreign judgment record to prove the judgment.

Appeal by defendant, Hekla Fire Insurance Company, from an order of the District Court of Ramsey County, *J. J. Egan*, J., made January 9, 1894, denying its motion for a new trial.

The plaintiffs, Solomon Bowman, Jr., and John Boyd, brought this action upon a judgment for $1,025.50 recovered by them December 10, 1892, against the defendant in the court of Common Pleas of Charleston County, South Carolina. The defendant for answer denied that judgment was rendered against it in the South Carolina court, and denied that such court had jurisdiction over defendant. On the trial October 12, 1893, plaintiffs offered in evidence a duly certified copy of the judgment roll on file in said court of Common Pleas, from which it appeared that the Sheriff of Charleston County on June 7, 1892, in his county, served the summons and complaint in that action upon the defendant, the Hekla Fire Insurance Company, by handing a copy to James Robertson, its agent duly registered, and leaving the same with him, that defendant failed to appear or answer and that on December 8, 1892, the plaintiffs submitted their proofs to a jury, and obtained a verdict on which judgment was entered that day in their favor against the defendant for $1,025.50. The defendant objected to this copy record, but it was received in evidence, and it excepted. No further evidence was offered by either party. The court made findings and ordered judgment for plaintiffs. Defendant moved for a new trial. Being denied, it appeals.

*C. D. & Thos. D. O'Brien*, for appellant.

In the absence of any evidence or showing to the contrary it will be presumed that the proceedings of the court leading up to and including the entry of judgment in a sister state must, in order to constitute a valid judgment which can be made the basis of an action in this state, include all the essential proceedings necessary to constitute a valid judgment in this state; therefore, as in this state it is necessary to constitute a valid and actual judgment that the same be entered in the judgment book, it will be presumed in the absence of other evidence that such entry is necessary to constitute a valid judgment in a sister state. The record offered in evidence in this case does not show that any judgment was entered in the judgment book against the defendant. At most, it is an exemplified copy of the judgment roll in the action, and as such it is described in the certificate of J. E. Tindal, Secretary of State. The certificate of the clerk of the Common Pleas court does not state that a

copy of the judgment appears on the record, nor is there any certificate that any such judgment was ever entered, and no showing that, under the laws of South Carolina, the original of the copy record introduced in evidence here would constitute a judgment. *Brown* v. *Hathaway,* 10 Minn. 303; *Williams* v. *McGrade,* 13 Minn. 46; *Jorgenson* v. *Griffin,* 14 Minn. 464; *Rockwood* v. *Davenport,* 37 Minn. 533.

*Morphy, Ewing, Gilbert & Ewing,* for respondents.

The record of the South Carolina court as adduced in evidence in the court below shows that a judgment was duly given and made against the defendant corporation in that court. U. S. Rev. Stat. § 905.

It will be presumed that the transcript is a correct copy of the entire record. *Reber* v. *Wright,* 68 Pa. St. 471; *Kinnier* v. *Kinnier,* 45 N. Y. 535.

The judgment being complete and regular on its face, it is *prima facie* valid. *Gunn* v. *Peakes,* 36 Minn. 177; *Nye* v. *Swan,* 42 Minn. 243; *Adams* v. *Lee,* 82 Ind. 587; *Anderson* v. *Ackerman,* 88 Ind. 481.

GILFILLAN, C. J.    It is impossible to distinguish this case from *Gunn* v. *Peakes,* 36 Minn. 177, (30 N. W. 466.)    The papers and proceedings of the South Carolina court are described in the certificate of the clerk as the "judgment roll," which appears to have been filed, and contains a full record of the proceedings, in the action,—the complaint or declaration, the summons and proof of service, the verdict, and the judgment. We infer that in South Carolina the common-law practice, to some extent at least, prevails. At common law it was only necessary, to constitute a valid judgment, that it be entered in the roll, and filed, so as to be a record of the court. Docketing or any further proceeding was not necessary, except for certain purposes, such as to bind the defendant's lands, etc.    4 Chit. Pr. 113.

Order affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 943.)