### LEIGH B. SMITH v. ALBERT H. PETRIE.[1]

December 10, 1897.

Nos. 10,718—(179).

**Proof of Judgment of Foreign Justice of Peace—G. S. 1894, § 5749—Copy of Docket.**

To prove a judgment of a justice of the peace from another state, it is only necessary to give in evidence an exemplification thereof in accordance with the provisions of G. S. 1894, § 5749. A true and correct copy of all of the proceedings in the case from the docket of the justice, duly authenticated as required by such section, is all that is necessary.

**Same — Docket Entry of Verdict and Costs — State v. Myers, supra, page 179, Followed.**

*Held,* following State v. Myers, supra, page 179, that the entry by the justice in his docket of the verdict of the jury with the costs as taxed is, in legal effect, a judgment.

Action to recover $107.20, the amount of a judgment against de-

[1] Reported in 73 N. W. 155.

fendant rendered by a justice of the peace in the state of Michigan. The case having been removed from the district court of St. Louis county to that for Hennepin county, the court, Elliott, J., ordered judgment for plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Armstrong Taylor*, for appellant.

*H. R. Robinson* and *Campbell & Stilson*, for respondent.

START, C. J.

Action upon a judgment of a justice of the peace recovered in the state of Michigan. The answer denied the existence of the judgment, but the district court found the issue in favor of the plaintiff and ordered judgment for him. The defendant appealed from an order denying his motion for a new trial.

An exemplification of the judgment certified pursuant to G. S. 1894, § 5749, was received in evidence over the objection and exception of defendant. The defendant claims that this ruling was error because the exemplification was not complete, in that it contained only the docket entries of the justice. The statute answers the objection. Section 5749 provides that the exemplification of the judgment shall be a full and correct copy of all the proceedings in the case from the justice's docket.

It is further claimed that the certificate does not comply with G. S. 1894, § 5725. This section has no application to the exemplification of a justice's judgment from another state. A compliance with section 5749 is all that is required to make a copy of such a judgment evidence in the courts of this state. The statute was complied with in this case.

The principal contention of the defendant is that the record introduced in evidence fails to constitute a judgment. The docket entries show that the summons was personally served upon the defendant, that he appeared, issue was joined and the cause tried by a jury. The docket also, under date of March 10, 1896, contains the following entry:

"March 10. The attorneys then argued the matter to the jury, and submitted it. The jury were given in charge of William Smith, sheriff, who was first duly sworn for that purpose, and,

after being absent for a time, returned with a verdict for the plaintiff for the sum of one hundred dollars damages, at 7:30 p. m. (Thereupon the jury were discharged from the further consideration of the case, and I did thereupon forthwith render judgment upon said verdict in favor of the plaintiff and against the defendant for the sum of one hundred dollars damages.) Cause was then adjourned until March 11th, 1896, at 9 a. m., for the taxation of costs.

"March 11. Parties appeared by their attorneys, and costs were taxed at seven and 20/100 dollars costs, at 9 a. m.

"Alexander Sutherland,

"Justice of the Peace."

The words which we have enclosed in parentheses were written by the justice on the margin of his docket some seven days after the balance of the entries were made. The defendant claims that the entry so written on the margin must be rejected, and without it the record fails to show a judgment.

It is practically conceded, as it must be, that the entry in the docket of the justice of the verdict and the costs as taxed would alone constitute a judgment in the state of Michigan. Gaines v. Betts, 2 Doug. 98; Overall v. Pero, 7 Mich. 315. The defendant, however, claims that, inasmuch as the laws of that state were neither pleaded nor proven, the question must be decided according to the laws of this state. This may be conceded, for the purposes of this case, without so deciding. But the concession does not help the defendant, for in our state the entry by the justice in his docket of the verdict of the jury, with the costs as taxed, is, in legal effect, a judgment. State v. Myers, supra, page 179. Hence, eliminating from the record the words written on the margin of the justice's docket in this case, a judgment was proven.

Order affirmed.