## MIKE SPIELMAN v. JOHN N. MOLITOR.[1]

July 23, 1926.

No. 25,284.

**Evidence sustains finding that defendant here was defendant in court of another state and was served.**

1. In an action on a judgment rendered in another state the evidence sustained the finding that the defendant here was the defendant there and was served with process.

**Offer of proof did not show right of counterclaim.**

2. The defendant's proffered proof did not show a right of counterclaim for the recovery of the amount of the note for the recovery of interest on which the judgment in suit was rendered.

**Foreign judgment shown by certified copy.**

3. The judgment was properly proved by certified copy.

Evidence, 22 C. J. p. 856 n. 59.
Judgments, 34 C. J. p. 717 n. 39; p. 1122 n. 5.

Action in the district court for Dakota county upon a judgment entered in the municipal court of Barron county, Wisconsin. The case was tried before Schultz, J., who ordered judgment in favor of plaintiff. Defendant appealed from an order denying his motion for a new trial. Affirmed.

*J. M. Millett*, for appellant.
*Smith & Rietz*, for respondent.

DIBELL, J.

This is an action to recover upon a judgment of $154 entered on July 25, 1924, in the municipal court of Barron county, Wisconsin, in favor of the plaintiff against John Molitor. The defendant denies such judgment, and counterclaims for damages in the sum of $1,400, the amount of the note for the interest on which for two years the

[1] Reported in 210 N. W. 15.

judgment was entered, and, if that be denied, for the surrender of the note. There were findings for the plaintiff. The evidence proffered by the defendant in support of his counterclaim was rejected. The defendant appeals from the order denying his motion for a new trial.

There are three questions:

(1) Whether the evidence sustains the finding that the defendant was the defendant in the Wisconsin suit and served with process.

(2) Whether the defendant could recover on his counterclaim for the amount of the note.

(3) Whether the Wisconsin judgment was properly proved by certified copy.

1. In the action in the municipal court of Barron county John Molitor was named defendant. John Molitor was the father of the defendant John N. Molitor. The evidence sustains the finding of the court that the process in the Wisconsin action was served on the defendant here, John N. Molitor. It is not important that his middle initial was omitted. Willard v. Marr, 121 Minn. 23, 139 N. W. 1066; D'Autremont v. Anderson Iron Co. 104 Minn. 165, 116 N. W. 357, 17 L. R. A. (N. S.) 236; Dun. Dig. §§ 6912-6913. If he was the defendant actually served he is bound by the judgment. It is only a question of identity. It appears from the evidence that both John and John N. Molitor were in Barron county on the day of the service. The officer went first to John Molitor with process, and was informed in effect that his son was the one wanted. Later in the day he served on the son. At the time of the default hearing the pleading and process, though it does not seem important, was amended so as to read John N. Molitor.

2. The judgment was for two years' interest at 5 per cent upon a note of $1,400 given by the defendant on May 7, 1920, due in 5 years, with interest at 5 per cent, to his sister, by way of a family settlement, made at the time, in which his father, John Molitor, deeded him a tract of land. Afterwards the transaction was rescinded and the land was deeded to the father and the note was canceled. The defendant alleges that the plaintiff in some way but without

right got possession of the note and secured judgment, that in suit, for two years' interest. The defendant cannot recover the $1,400 by way of counterclaim. He did not pay the note and it is not in the hands of an innocent purchaser. On his own theory he has a defense to it. We say nothing of the question of res adjudicata.

3. The municipal court of Barron county is a court of record, of limited civil jurisdiction at law, of limited criminal jurisdiction, and with jurisdiction like that exercised by justices of the peace as committing magistrates. Its practice is so far as practicable that of justices' courts, its judgments are filed and docketed with the clerk of the circuit court, and appeals lie as from justices' courts.

The municipal judge certified to the proceedings had before him and to the records of his court. The clerk of the circuit court of Barron county certified to the signature and official character of the municipal judge and the credit to be given his acts.

The judgment was proved whether it be considered as properly proved under G. S. 1923, § 9851, relating to records of courts of other states, or G. S. 1923, § 9885, relating to judgments of justices of the peace of another state. Smith v. Petrie, 70 Minn. 433, 73 N. W. 155; In re Ellis' Estate, 55 Minn. 401, 56 N. W. 1056, 23 L. R. A. 287, 43 Am. St. 514; Bowman v. Hekla Fire Ins. Co. 58 Minn. 173, 59 N. W. 943.

Order affirmed.