Olds, Adm'r, v. Glaze.

---

## Olds, Adm'r v. Glaze.

In applications for a continuance on the ground of the absence of a witness, the particular facts expected to be proved by such witness, should be stated with such certainty, and distinctness in the affidavit, that the opposite party, by admitting that the witness, if present, would swear to the facts stated, may avoid a continuance of the cause.

An affidavit for a continuance, on account of the absence of a witness, which states that the party expects to prove by the absent witness, "all the material allegations contained in his answer and set-off, and that he knows of no other person by whom he can prove said facts," does not sufficiently state the particular facts that the witness will swear to, and is insufficient.

Where it appears from the record of a judgment rendered in another State, that the court had jurisdiction of the person of the defendant, he cannot, in an action brought in the courts of this State, to en-

force payment of such judgment, avail himself of any error appearing in such record, but is confined to the remedy afforded him by the laws of the State where the judgment was obtained.

*Appeal from the Poweshiek District Court.*

FRIDAY, OCTOBER 22.

An action upon a judgment rendered in the State of Ohio. The answer denies all the material allegations of the petition, and also pleads a set-off, to which there was a replication and rejoinder. The defendant then filed an application for a continuance, alleging as a reason therefor, that James Culbertson, Jr., was a material witness for him; that he could not safely go to trial without said witness; that he *expected to prove all the material allegations contained in his answer*, by the said witness; and that he knew of no other person by whom he could prove the said facts. The application for a continuance having been overruled, the cause came on for trial before a jury, who returned a verdict for the plaintiff, upon which judgment was rendered. The defendant appeals. The other material facts will appear from the opinion of the court.

*Williamson & Nourse*, for the appellant.

*Seevers, Williams & Seevers*, for the appellee.

STOCKTON, J.—We think the motion for a continuance was correctly overruled. The defendant does not state in his affidavit, the particular facts he expects to prove by the absent witness, as required by section 1766 of the Code. He states generally, that " he expects to prove all the material allegations contained in his answer and set-off; and that he knows of no other person by whom he can prove said facts." The particular facts expected to be proved by the absent witness, must be stated with such certainty and distinctness, in the affidavit for a continuance, that the opposite party, by admitting that the witness, if present,

would swear to the facts stated, may avoid a continuance of the cause. It will be perceived by an examination of the answer, that the allegations are stated in so general and indefinite a manner, as not to permit of the plaintiff admitting that the witness, if present, would swear to the truth of them.

The defendant's answer to the petition is embraced under some seventeen different heads; part of them are a mere denial of the petition, while others are substantive averments of facts, relied on by the defendant for his defence to the action. Among others, it embraces a denial that the defendant is the administrator of Breeden; and a denial that Breeden is dead. Though introduced in the shape of a denial, these are material averments, which defendant might certainly have proved, otherwise than by the testimony of the absent witness, and which the plaintiff could not be expected to admit that the witness would swear to, if present. It is to particular facts relied upon by the defense, that the witness is expected to testify; and we see nothing to prevent the party from stating these particular facts in his affidavit, in such a way, as that the opposite party, by admitting that the absent witness would swear to them, may prevent a continuance of the cause.

Upon the trial, the defendant objected to the introduction of the record of the judgment in evidence. The objection was overruled by the court, and the record permitted to go in evidence. The suit was commenced before a justice of the peace in Delaware county, Ohio, against one Culbertson & Glaze, the present defendant. A writ of summons issued for the appearance of the parties, and was returned by the officers, "served on the within named, by copy." The transcript of the justice shows, that on the day of trial, the parties appeared, testimony was heard, and judgment rendered in favor of the plaintiff against Culbertson, for the sum of $15,73, and against the plaintiff as administrator of Olds, for the costs of suit, taxed at $19,25. On the next day, the plaintiff appeared before the justice, and gave notice of an appeal. In the court of common

Olds, Adm'r, v. Glaze.

pleas, to which court the cause was taken by appeal, the plaintiff recovered a judgment against Culbertson for $25,00, and against the present defendant, Glaze, for $225,00. On the record of this judgment, the present suit is brought.

The objection made in the argument to the introduction of the record is, that it does not show that the justice of the peace acquired jurisdiction as to the defendant, Glaze; and that if any jurisdiction was acquired, it was abandoned, the transcript not showing any issue or trial as to him, nor any judgment against him from which to appeal. The return of the officer to the writ of summons, obviously included both defendants. It was such a service as placed the defendant, Glaze, in court, subject to its jurisdiction; and although no judgment was rendered against him by the justice, it does not follow, from that fact, that the justice acquired no jurisdiction as to him, nor that the court of common pleas acquired none, on the appeal to that court. If there was error in the judgment of that court, the remedy of the defendant is such only as the laws of the State of Ohio may afford him. The error in the judgment of the court, if such it was, cannot avail the defendant in an action brought in the courts of this State to enforce its payment.

The service having been sufficient to give the justice jurisdiction, and the cause having been taken by appeal to another court, we cannot say that, under the laws of Ohio, the court of common pleas had no jurisdiction to render the judgment.

We may further remark, that we are not inclined to attach importance to the objections made by the defendant to the giving of the record in evidence, as he has not, by his answer, put in issue the question of the jurisdiction of the court of common pleas to render the judgment, nor shown by his bill of exceptions on what other ground, if any, his objection to the introduction of the record was made.

Judgment affirmed.