ALEXANDER GUNN *vs.* JOHN D. PEAKES.

December 9, 1886.

**Action on Foreign Judgment—Complaint held Sufficient.**—A judgment of a foreign court, complete and regular upon its face, is *prima facie* valid. Hence a complaint upon such judgment need not allege that the court by which it was rendered had jurisdiction either of the cause or the parties.

**Same—Proof of Judgment.**—A foreign judgment may be proved by a copy thereof, duly authenticated by the duly-authenticated certificate of an officer properly authorized by law to give a copy.

v.36m—12

**Same—Authentication by Signature of Clerk and Seal of Court—Great Seal of State.**—The clerk or prothonotary of a court is presumed to possess authority to make and certify copies of the records of the court in his keeping, and such copies are duly authenticated by his certificate, over his official signature and the seal of the court. His official signature and the seal are duly authenticated by the great seal of the state or government in which the court is found, affixed to the certificate of the keeper thereof. The great seal proves itself.

**Former Judgment—Dismissal "without Prejudice."**—A judgment that an action for a given cause "be dismissed without prejudice to another action" is, by its terms, no bar to another action for the same cause. Whether the saving clause was properly or improperly attached to the judgment is not important.

Appeal by defendant from a judgment of the district court for Hennepin county, where the action was tried by *Young*, J., a jury being waived. The only evidence offered by defendant was the record of a former action on the same judgment, which resulted in the judgment of dismissal mentioned in the opinion.

*Chas. J. Bartleson*, for appellant.

*Kitchel, Cohen & Shaw*, for respondent.

BERRY, J. This is an action upon a foreign—a Nova Scotia—judgment. A judgment of a foreign court, complete and regular upon its face, is *prima facie* valid. *Walker* v. *Witter*, 1 Doug. 1; *Reynolds* v. *Fenton*, 3 C. B. 187; *Barber* v. *Lamb*, 8 C. B. (N. S.) 95; *Robertson* v. *Struth*, 5 Q. B. 941; *Shumway* v. *Stillman*, 4 Cow. 292, (15 Am. Dec. 374;) s. c. 6 Wend. 447; *Lazier* v. *Westcott*, 26 N. Y. 146; *Bissell* v. *Wheelock*, 11 Cush. 277; *Holt* v. *Alloway*, 2 Blackf. 108; *Crepps* v. *Durden*, 1 Smith, Lead. Cas. (8th Am. Ed.) 1079, 1143; *Duchess of Kingston's Case*, 2 Smith, Lead. Cas. (8th Am. Ed.) 734, 981; *Dozier* v. *Joyce*, 8 Porter, (Ala.) 303; Whart. Ev. §§ 804, 1302, 1303. It follows that a complaint upon such foreign judgment need not allege that the court by which it was rendered had jurisdiction either of the cause or the parties. *Robertson* v. *Struth, supra;* Whart. Ev. §§ 804, 1302, 1303; 2 Chit. Pl. 244, and note *y*. As to this matter of pleading, *Karns* v. *Kunkle*, 2 Minn. 268, (313,) is wrong, both in reason and upon authority.

A foreign judgment may be proved by a copy thereof, duly authenticated by the duly-authenticated certificate of an officer properly authorized by law to give a copy. 1 Greenl. Ev. § 488; *Mahurin* v. *Bickford,* 6 N. H. 567; *Church* v. *Hubbart,* 2 Cranch, 187, 237; *Dozier* v. *Joyce, supra.*

The clerk or prothonotary of a court is presumed to possess authority to make and certify copies of the records of the court in his keeping, and such copies are duly authenticated by his certificate over his official signature, and by the seal of the court. His official signature and the seal are duly authenticated by the great seal of the state or government in which the court is found, affixed to the certificate of the keeper thereof. The great seal proves itself. *Lazier* v. *Westcott, supra.*

The copy of the record received in evidence upon the trial of the case at bar was sufficiently authenticated, within the rule stated, and it proves the judgment to which this action relates. The official signature of the prothonotary, and the seal of the court, are authenticated as such, and as what they purport to be, by the great seal of the province of Nova Scotia affixed to the certificate of the keeper of the great seal, viz., the lieutenant-governor of the province. Upon the face of the records, the prothonotary and seal purport to be the prothonotary and seal of a duly-constituted court of record of the province of Nova Scotia. The record is, upon its face, complete and regular, showing the commencement and pendency of an action for the recovery of money upon a promissory note and other causes of action alleged, service of summons therein upon the defendant, and his appearance, together with other proceedings culminating in a money judgment against defendant, duly entered. This was ample proof of a valid judgment.

We attach no importance to the circumstance that what appears as the judgment in the copy of the record is followed by the name or signature of the plaintiff's attorney. Whatever may be the purpose of the name or signature, ostensibly the judgment is duly entered, *as such,* in the record. Very likely the signature of the attorney is affixed under some such common-law usage as is referred to in Tidd, Pr. 568, 569, 903, 904, 930, and in 4 Chit. Pr. 107. But, whatever

its purpose, it does not affect the actual entry of the judgment in the record.

The judgment in a former action which is set up in bar of the present, was that "the action be dismissed without prejudice to another action." Such a judgment is, *by its terms*, no bar. Whether, with reference to the stage of the proceedings at which the action was dismissed, it was proper to attach any such saving clause to the dismissal, is not important. The former judgment must be pleaded and taken for what it is, and not for what it ought to have been.

Judgment affirmed.