## CAUGHRAN ET AL. v. GILMAN.

1. **Judgment:** ACTION ON: PAROL TO CONTRADICT RECORD. In an action on a foreign judgment it is incompetent to contradict by parol the recitals of the judgment by showing that in point of time it was rendered after the suit had been dismissed.

*Appeal from Hardin Circuit Court.*

WEDNESDAY, OCTOBER 12.

ACTION upon a judgment of the district court of the territory of Dakota in and for the county of Yankton. There was a trial to the court without a jury, and a judgment was rendered for the plaintiff for some six dollars, being the amount of the costs adjudged against the defendant by the Dakota court. The plaintiff appeals.

*C. E. Allbrook*, for appellants.

*Fred Gilman*, for appellee.

ROTHROCK, J.—The judgment upon which the suit was brought was for the sum of $1,250. The plaintiffs attached to their petition an exemplification of the record of the judgment in the district court in Dakota, which is as follows:

"The summons and complaint in this action having been duly served on the defendant, Lucy P. Gilman, and she having appeared and put in an answer to said complaint, and this cause having been duly called for trial in open court, and the said defendant appearing in person and by her attorneys, and demanded a trial herein, whereupon the said plaintiff asked the court to dismiss his action; and the court, being duly advised in the premises, and having due proof herein, finds that the said defendant is entitled to have and recover of the plaintiff the sum of twelve hundred and fifty dollars for the support of herself and child, mentioned in the plead-

ings herein, during the pendency of this action, and for expenses and attorney's fees herein,—it is therefore, on motion of Gamble Brothers, Caughran, and McMartin, hereby ordered, adjudged, and decreed that the defendant have and recover of the plaintiff the said sum of twelve hundred and fifty dollars, and six dollars costs taxed in this action, and that the defendant have execution for said sum, and costs taxed; and it is further adjudged that the plaintiff's complaint is dismissed.

"Done in open court this 29th day of December, A. D. 1884.

    "By the court:         A. J. EDGERTON, Judge.

"Attest:  E. G. EDGERTON, Clerk."

The action in which this judgment was rendered was for a divorce, and was instituted by Robert B. Gilman herein against his wife, Lucy P. Gilman. She appeared to the action and filed an answer which, upon its face, was a complete defense. The closing paragraph of the answer was as follows: "She has a mortgage of $450 on Iowa lands, but is not able to realize now upon it. She has an income now of about fifty dollars a year from certain interests in the state of New York, and is entitled to a legacy of about a thousand dollars, but which is not available at the present time. She has nothing to depend upon for her living, and is now in actual want, except as she borrows from friends; and she prays that her said husband may be compelled, by the decree of this court, to provide suitable alimony and means for the support and maintenance of herself and child, and sufficient to bear all the costs and expenses of this litigation. She also prays a dismissal of the complaint and action, and the custody of her child, costs, alimony, and expenses, as aforesaid."

The judgment was assigned by Lucy P. Gilman to the plaintiff. The defense to the judgment is based upon the ground that the district court of Dakota had no jurisdiction to render the judgment upon which this suit is founded, and that said judgment is void for that reason. It is claimed

that the suit for divorce was actually dismissed, and the plaintiff in that action (defendant in this) was no longer a party to that suit, and that the court had neither jurisdiction of the person of defendant, nor of the action, when the judgment was rendered. This position is in plain contradiction of the judgment record, as will appear by its recitals. The defendants sought by parol evidence to contradict these recitals, by showing that in point of time the judgment was rendered after the suit was dismissed. This he cannot be permitted to do. The record is not subject to contradiction by parol, especially in a collateral proceeding. It is unnecessary to determine what facts may be shown to defeat an action upon a judgment. The general rule is that a defense is confined to a denial that there is any record of such judgment. In the case at bar, the judgment was authorized by the pleadings, the parties were before a court which it must be presumed had jurisdiction of the subject-matter, and a judgment was rendered in regular and proper form. The defendants introduced no competent evidence impeaching the record, and, in our opinion, the judgment should have been held to be valid. REVERSED.