E. N. COUGHRAN *et al.*, Appellees, v. R. B. GILMAN, Appellant.

1. **Action on Foreign Judgment:** JURISDICTION: EVIDENCE. Where a certificate to the judgment record of a foreign court indicates on its face that it is a court of record, and that it has a seal and a clerk, it will be presumed in an action thereon, until the contrary is shown, that the court rendering such judgment had jurisdiction of the parties, and of the subject of the action.

2. ———— : ASSIGNMENT : EVIDENCE. Where the assignment of a judg-
ment has been made a part of the record of the court, a certified
copy thereof is competent evidence in an action on the judgment
in a foreign court, the same as other parts of the record.

*Appeal from Hardin District Court.*—HON. S. M.
WEAVER, Judge.

MONDAY, OCTOBER 27, 1890.

THIS is an action at law, founded upon a judgment
rendered against the defendant in the district court in
and for Yankton county, Second Judicial District of
Dakota territory. There was a trial by the court, and
a judgment for plaintiffs. The defendant appeals.

*F. Gilman,* for appellant.

*Albrook & Hardin,* for appellees.

ROTHROCK, C. J.—I. The cause has once before
been in this court. 72 Iowa, 570. On the former trial

1. ACTION on foreign judgment: jurisdiction: evidence.

there was a judgment for the defendant.
That judgment was reversed by this court.
On the last trial there was a judgment for
the plaintiff. We need not set out the record of the judg-
ment of the district court in Dakota. It will be found set
out in full in our former opinion. It is averred in the peti-
tion that the court in which the judgment was rendered
was a court of general jurisdiction in the territory of
Dakota. The answer contains a general denial of the
averments of the petition. The plaintiff introduced the
record of the judgment in evidence. This record is
properly authenticated and proved by the certificates of
the clerk with the seal of the court, and the certificate
of the judge of said court.

It is contended by counsel for appellant, that the
plaintiff failed to show that the district-court of Dakota
was a court of general original jurisdiction, or that it
had jurisdiction of actions for divorce, and for the allow-
ance of alimony in proceedings of divorce. We must

decline to enter into an elaborate discussion of these objections. It appears from the certificates to the judgment record, that the district court in Dakota was a court of record; that it had a seal and a clerk, and it will be presumed, until the contrary is shown, that it had jurisdiction of the parties and the subject of the action. The very fact that the defendant commenced his action for divorce in said court, and invoked its jurisdiction, tends at least to show that the court had jurisdiction of the action, and of the ordinary incidents thereto, such as orders and judgments for proper alimony. And, besides, courts may properly take judicial notice of the federal statutes creating courts in the territories, and defining their jurisdiction. 1 Greenl. Ev., sec. 490.

II. The plaintiffs are assignees of the judgment upon which the suit is founded. A copy of said assignment, certified by the clerk of the court in

**2. ——: assignment: evidence.** which the judgment was rendered, was introduced in evidence over the defendant's objection. It is claimed that the certified copy was not the best evidence. We think that, as the assignment was made part of the record of the court, a certified copy was competent evidence, the same as other parts of the record. It is enough to say in conclusion that the record of the Dakota judgment must be regarded as a verity in this action, and that whatever remedy, if any, the defendant ever had against the judgment was by proper proceedings in the court in which it was rendered or upon an appeal. AFFIRMED.