MANDELL BROTHERS *vs.* IDA M. FOGG.

Suffolk. January 13, 1903. — February 25, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Jurisdiction. Conflict of Laws. Statute.*

In an action brought in Massachusetts by an Illinois corporation against a wife for the price of goods sold to her husband, it appeared, that the husband was a citizen of Massachusetts and that he bought the goods in Illinois when he and his wife were temporarily in that State. An Illinois statute imposed upon the wife a liability for purchases made by her husband without her knowledge, on proof that they constituted a part of " the expenses of the family." *Held,* that, if this statute was intended to apply to citizens of other States temporarily within the State of Illinois, it did not create a liability which the courts of other States would enforce.

CONTRACT for $691.02 for goods sold and delivered according to an account annexed. Writ dated November 2, 1900.

At the trial in the Superior Court *Sheldon,* J. ordered a verdict for the defendant on the ground stated in the opinion; and the plaintiff alleged exceptions.

*J. W. Spaulding & R. W. Hunter,* for the plaintiff, submitted a brief.

*J. O. Teele,* for the defendant.

LORING, J.   This is an action brought in Massachusetts by an Illinois corporation to recover from a wife the price of goods sold to her husband. The husband was a citizen of Massachusetts, and both the husband and the wife were temporarily in Chicago, when the husband bought the goods of the plaintiff. At the trial " the plaintiff conceded that there was no evidence of a contract liability on the part of the defendant, . . . but . . . claimed the right to recover in this suit by virtue of " the following statute of Illinois, which was put in evidence : " The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately." Ill. Rev. Sts. c. 68, § 15. The presiding judge ruled " that no recovery could be had under that statute, either on these pleadings or otherwise on the evidence "; and thereupon ordered a verdict for the defendant and reported the case to this court.

We are of opinion that this ruling was right.

The Illinois statute imposes upon the wife a liability for purchases made by her husband without her knowledge, on proof that they constituted a part of " the expenses of the family." Such a statute is founded on the power of a State to regulate the duty of supporting the families of its citizens. For that reason it may be doubted whether it was intended to apply to citizens of other States " temporarily " within that State. If it was intended to apply to such citizens, it is not a liability which will be enforced by the courts of other States.

The only reason urged by the plaintiff for its contention that it will be so enforced is that the defendant is presumed to have known the law when the goods were purchased, and the contract being made under the law, the law became a part of it and

*Howarth* v. *Lombard,* 175 Mass. 570, applies.  Without going further, the fact that she did not make the purchase is enough to dispose of that argument.

The entry must be

*Judgment on the verdict.*