### J. B. WOODWORTH v. MILTON McKEE, Appellant.

**Certification of records.** The certificate of a clerk of courts of a foreign State which refers to and is attached to a copy of the record certified, will be presumed to have been lawfully made and to certify to the copy of the record to which it is attached, although made on a separate sheet.

**Jurisdiction: PRESUMPTION.** Where the certificate to a judgment record of another State shows that the judgment was rendered by a court of record with a clerk and seal, it will be presumed that the court had jurisdiction of the parties and the subject matter, until the contrary is shown.

*Appeal from Black Hawk District Court.*— HON. A. S. BLAIR, Judge.

WEDNESDAY, MARCH 8, 1905.

SUIT at law on a judgment rendered against the defendant by the circuit court of McHenry county, Ill. There was a judgment for the plaintiff, from which the defendant appeals.— *Affirmed.*

*Hemenway & Martin,* for appellant.

*Alfred Grundy,* for appellee.

SHERWIN, C. J.— The plaintiff alleged in his petition that the circuit court in and for the county of McHenry, State of Illinois, was a court of general jurisdiction created

by the laws of that State, and that in September, 1902, there was pending in said court an action commenced by the plaintiff against the defendant, in which there was a judgment rendered for the plaintiff against the defendant on the 15th day of December, 1902.

A certified copy of the judgment sued on was attached to the petition, which recited that the defendant appeared by attorney, and, further, " It appearing to the court in the pleadings and evidence in this cause that the complainant is entitled to recover the sum of $330.27 from the defendant, * * * it is further ordered, adjudged, and decreed that the complainant, J. B. Woodworth, have and recover from the said defendant, Milton McKee, the sum of $330.27, and that execution issue therefor." The copy of the judgment was certified to as follows: " State of Illinois, McHenry County. I, G. B. Richards, clerk of the circuit court in and for said county, in the State aforesaid, do hereby certify the foregoing to be a true, perfect, and complete copy of the final judgment, execution, and return of sheriff. In testimony whereof, I have hereunto set my hand and affixed the seal of said court, at my office in Woodstock, this 31st day of January, 1903." This was signed and sealed by the clerk. Following it, there was the usual certificate of the judge of the circuit court that G. B. Richards was the clerk of said court and the keeper of its records and seals, and the certificate of Richards that the judge certifying was a judge of said court. The appellant did not deny the rendition of the judgment against him, but did deny the jurisdiction of the court to try and determine the cause, and alleged that no summons was served on him, and that no appearance was authorized by him.

The copy of the decree was received in evidence, over the appellant's objection, and of this he complains, first, for 1. CERTIFICATION the reason that the certificate of the clerk does OF RECORDS. not properly and sufficiently identify the record to which it applies. The clerk's certificate was on a sep-

arate sheet of paper, which was attached to the copy of the decree by fastening the sheets together, and this is said to be insufficient. We do not think so, however. The certificate specifically refers to the matter preceding it, and must be presumed to have been lawfully made, and to certify to the copy of the record to which it is attached.

The appellant denied the jurisdiction of the circuit court to hear and determine the subject-matter of the cause, and now contends that such denial placed the burden of proving jurisdiction on the plaintiff. It is no

2. JURISDICTION: presumption. doubt true that the jurisdiction of a court of a sister State may be challenged in an action on a judgment, and, for the purposes of this case alone, it may be conceded that, when it is so questioned the burden rests on the party asserting the jurisdiction. But here the certificates to the judgment record show that the court rendering the judgment was a court of record with a clerk and seal, and, such being the case it will be presumed, until the contrary is shown, that it had jurisdiction of the subject-matter and of the parties. *Coughran v. Gilman,* 81 Iowa, 442. And see, also, on the subject generally: 11 Ency. Pleading & Practice, 1131, and cases cited; *Gunn v. Peakes,* 36 Minn., 177 (30 N. W. 466; 1 Am. St. Rep. 661); *Gates v. Newman,* 18 Ind. App. 392 (46 N. E. 654); *Galpin v. Page* (U. S.) 21 L. Ed. 959.

The appellant offered no evidence on the issue of jurisdiction, and the presumption to which we have referred is therefore controlling, and the judgment should be, and it is, *affirmed.*