CHRISTIANSEN, by guardian *ad litem,* Appellant, vs. KRIESEL, Respondent.

*November 8—November 26, 1907.*

*Foreign judgments: Actions: Pleading: Jurisdiction of foreign court: General denial: Burden of proof: Bill of exceptions: Contents: Foreign statutes and decisions, how incorporated: Evidence: Costs: Failure to serve printed case within time limit.*

1. Sec. 2673, Stats. (1898)—providing that in pleading a judgment or other determination of a court or officer of special jurisdiction it shall not be necessary to state the facts conferring juris-

diction, but such judgment or determination may be stated to have been duly given or made, and that if such allegation be controverted the party pleading shall be bound to establish on the trial the facts conferring jurisdiction,—only applies to the judgment of a court of special jurisdiction and relates to the form or manner of pleading.

2. In an action on a judgment of a court of special jurisdiction, a general denial controverts an averment of the complaint that the judgment was duly given and made, and hence the plaintiff is bound to establish on the trial the jurisdiction of the court in which the judgment was rendered.

3. In such case putting in evidence a duly authenticated transcript of the judgment roll, including the judgment, showing that the court had a judge, a clerk, a seal, and records, and that the defendant appeared in the action and answered to the merits, lifts the burden of proof thrown upon the plaintiff by sec. 2673, Stats. (1898), and establishes *prima facie* that the court had jurisdiction of the person of the defendant and of the subject matter of the action.

4. Where a foreign law is offered in evidence from a book and such evidence is sought to be made a part of a bill of exceptions, it is necessary that the bill show by accurate description the book containing the written law so offered and also refer to the particular act of the legislature, chapter and section, or decision of the court relied upon. If this is done it is not necessary to copy the foreign law or decision into the bill of exceptions.

5. In an action on a foreign judgment the answer contained a general denial. For the purpose of showing that the foreign court had jurisdiction, plaintiff offered in evidence certain statutes of the foreign state which were so vaguely referred to in the bill of exceptions that the supreme court could not identify them. The plaintiff also offered in evidence the foreign judgment roll, including the judgment on which the instant action was founded, showing that the foreign court was a court of record, having a judge, a clerk, a seal, and records, and that the defendant appeared in the action and answered to the merits. There was no evidence offered by the defendant sufficient to have impeached the judgment proven by the duly authenticated transcript if that judgment had been a judgment of a court of the state of Wisconsin. *Held:*

 (1) There was no evidence sufficient to impeach the foreign judgment.

 (2) The trial court erred in directing a verdict for defendant.

6. Where a printed case was not served within the time fixed by
Supreme Court Rule 16, the court enforced the provisions of
Rule 46, and limited the recovery of costs to the clerk's fees
and disbursements.

APPEAL from a judgment of the circuit court for St. Croix
county: E. W. HELMS, Circuit Judge. *Reversed.*

The appeal is from a judgment dismissing the complaint
in an action brought upon a judgment of the municipal court
of Stillwater, Minnesota.

For the appellant there was a brief by *A. J. Kinney,* attor-
ney, and *H. H. Gillen,* of counsel, and oral argument by *Mr.
Kinney.*

For the respondent there was a brief by *Baker & Haven,*
and oral argument by *Spencer Haven.*

TIMLIN, J.    Error is assigned because the circuit court re-
fused to direct a verdict for the plaintiff but directed a ver-
dict for defendant.    The complaint averred that "on the 19th
day of June, 1902, in the municipal court of the city of Still-
water, in the state of Minnesota, a judgment was duly given
and made by said court in favor of the plaintiff and against
the defendant in an action in said court pending" for
$280.84, and that the judgment is wholly unsatisfied and is
a valid and subsisting judgment.    There was no other aver·
ment in the complaint respecting the jurisdiction of the Still-
water court.    To this complaint the defendant answered by
general denial, also averred fraud and perjury committed in
obtaining the judgment, and pleaded several counterclaims to
which there was a replication by plaintiff.    At the trial the
plaintiff offered in evidence a transcript authenticated under
title 13, ch. 17, § 905, R. S. of U. S. [U. S. Comp. Stats.
1901, p. 677] of the judgment roll, including the pleadings,
complaint of the plaintiff and answer of defendant, and the
judgment in the municipal court of Stillwater.    This authen-
tication is in due form, shows that the court has a judge, a
clerk, and a seal, that the clerk is the custodian of the records

·of that court, and the matter authenticated shows that the defendant appeared in the municipal court of Stillwater and answered to the merits. Sec. 2673, Stats. (1898), provides:

"In pleading a judgment or other determination of a court or officer of special jurisdiction it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made. If such allegation be controverted the party pleading shall be bound to establish on the trial the facts conferring jurisdiction."

It is noticeable that this statute only applies to the judgment of a court of special jurisdiction and relates to the form or manner of pleading. The defendant's general denial having controverted the averment of the complaint that the judgment was duly given and made, the plaintiff was therefore bound to establish on the trial the jurisdiction of the municipal court of the city of Stillwater, if we assume as most favorable to uphold the judgment below that the court last mentioned was a court of special jurisdiction. But when the plaintiff put in evidence the duly authenticated transcript of the judgment roll, including the judgment showing that this court of Minnesota was a court having a judge, a clerk, a seal, and records, and that the defendant appeared in the action, the plaintiff lifted the burden of proof thus thrown upon him and established *prima facie* that the Minnesota court had jurisdiction of the person of the defendant and of the subject matter of the action. *State ex rel. Engelhard v. Weber,* 96 Minn. 422, 105 N. W. 490; *Woodworth v. McKee,* 126 Iowa, 714, 102 N. W. 777; *Coughran v. Gilman,* 81 Iowa, 442, 46 N. W. 1005; *Gunn v. Peakes,* 36 Minn. 177, 30 N. W. 466; *Am. Mut. Life Ins. Co. v. Mason,* 159 Ind. 15, 64 N. E. 525; *Willock v. Wilson,* 178 Mass. 68, 59 N. E. 757; *Van Norman v. Gordon,* 172 Mass. 576, 53 N. E. 267; *Bogan v. Hamilton,* 90 Ala. 454, 8 South. 186; ·*Coskery v. Wood,* 52 S. C. 516, 30 S. E. 475; *Old Wayne*

*Mut. Life Asso. v. McDonough,* 164 Ind. 321, 73 N. E. 703;
*Bailey v. Martin,* 119 Ind. 103, 21 N. E. 346.

But the plaintiff also offered in evidence "the statutes of
the state of Minnesota," calling special attention to ch. 75,
relating to the jurisdiction of justices' courts.     He also of-
fered the "charter of the city of Stillwater, and especially
that portion thereof relating to the municipal court."     The
bill of exceptions shows the foregoing offers and a ruling
admitting the evidence, but no transcript of the foreign law,.
and nothing from which we can identify the volumes offered
with the books accessible to us.     When a foreign law is of--
fered in evidence from a book and such evidence is sought to.
be made a part of the bill of exceptions, it is necessary that
the bill of exceptions show by accurate description the book
containing the written law so offered and also refer to the par-
ticular act of the legislature, chapter and section of the stat-
ute, or decision of the court relied on.     This is necessary in
order that we may know by reference to books accessible to
this court whether the evidence of the foreign law is such as
is authorized by sec. 4136, Stats. (1898).     If this is done it
is not necessary to copy the foreign law in the bill of excep-
tions.     But in the case at bar neither of these methods is.
pursued, and we cannot say from the bill of exceptions with
any certainty what statutes of Minnesota were offered in evi-
dence, nor where the charter of Stillwater is to be found, nor
whether the latter is a private act or a public law of Minne-
sota, nor whether Stillwater had one or more charters at dif-
ferent periods of its existence.     If the offer refers to ch. 75 of
the Revised Laws of Minnesota for 1905 and to the original
charter of Stillwater, this would tend to show that the court
had no jurisdiction of the subject matter of the action.     We
cannot, however, search for or attempt to identify the foreign
laws so vaguely referred to in the bill of exceptions.     No evi--
dence was offered by the defendant sufficient to impeach the-
judgment proven by the duly authenticated transcript if that
judgment had been a judgment of a court of the state of

Wisconsin (*Uecker v. Thiedt, ante,* p. 148, 113 N. W. 447), hence no evidence sufficient to impeach the Minnesota judgment (Const. U. S. art. IV, § 1; *Maxwell v. Stewart,* 22 Wall. 77, and cases in 8 Rose's notes). It follows that the court below erred in directing a verdict for defendant. Whether the case should go to the jury or not depends upon whether or not the Minnesota statutes disprove the *prima facie* case made by the authenticated transcript. The printed case was not served within the time fixed by Supreme Court Rule 16, and therefore no attorney's fees in this court will be allowed to the appellant as provided by Supreme Court Rule 46, but the appellant's recovery of costs shall be limited to clerk's fees and disbursements.

*By the Court.*—The judgment of the circuit court is reversed and the cause remanded for a new trial.