## E. I. DONOVAN v. W. B. DICKSON and Ezra Block.

(148 N. W. 537.)

**Pleading — demurrer — insufficiency to state cause of action.**

Complaint examined, and *held* not vulnerable to attack by demurrer upon the ground of alleged insufficiency of the allegations to state a cause of action.

Opinion filed July 24, 1914.

Appeal from District Court, Cavalier County, *Cowan,* J.

From an order sustaining a demurrer to the complaint, plaintiff appeals.

Reversed.

*Geo. M. Price,* Langdon, N. D., for appellant.

*Dickson & Devaney,* Langdon, N. D., for respondents.

Fisk, J. This is an appeal from an order sustaining a demurrer to the complaint upon the sole ground that it fails to state facts sufficient to constitute a cause of action.

The substance of the complaint as set forth by appellant is as follows:

"First, that on the 19th day of February, 1901, the defendant Block was the owner of the land in question.

"Second, that on February 19, 1901, the defendant Block executed and delivered to the plaintiff a warranty deed conveying the premises to the plaintiff; that as a part of the consideration for this deed the plaintiff assumed and agreed to pay a certain real-estate mortgage on the premises theretofore made by Block and wife as mortgagors to the Canadian and American Mortgage & Trust Company, Limited, and which was a first mortgage upon the land; and also to pay off other indebtedness of said Block, all of which indebtednesses were secured by mortgages or other liens upon the land.

"Third, that on the 28th day of March, Block instituted an action against this plaintiff for the rescission and cancelation of the deed;

Note.—The right of a purchaser to compel a return of advance payments upon resale by the vendor, after the purchaser's default, due to the act of the vendor, is considered in a note in 35 L.R.A.(N.S.) 534.

the basis of such action being set forth in Exhibits 'B' and 'C,' being the complaint and the answer in said action; that on May 24, 1902, judgment was entered in this action in favor of Block and against Donovan, rescinding the contract of sale and canceling the deed therefor and restoring the premises to Block; that upon appeal to this court on the 11th day of April, 1904, this court affirmed the judgment appealed from, but adjudged that the payments made by the plaintiff Donovan under the sale contract should 'stand as obligations against Block of the same character as when the deed was executed by Block to Donovan;' that judgment was thereafter entered in district court in accordance with the judgment of the supreme court, the judgment itself being set forth as an exhibit in the complaint.

"Fourth, that after the delivery of the deed from Block to Donovan, and in pursuance of the plaintiff's agreement to pay the mortgage and other indebtedness of Block, plaintiff did in good faith pay certain indebtedness of Block according to his contract, and which are specifically set forth in the complaint.

"Fifth, that all of these payments were made by the plaintiff for the purpose of paying off the indebtedness of Block upon the premises according to the contract between him and Block.

"Sixth, that while in possession of the premises under the deed from Block, plaintiff Donovan constructed a building upon the premises, which was a permanent improvement and necessary to the proper farming of said premises. That no part of the amount paid by Donovan has been repaid to him.

"Seventh, that in July, 1903, Block, by warranty deed, conveyed these premises to his codefendant, W. B. Dickson, without consideration; that Dickson received the conveyance with full knowledge of Donovan's rights in the premises and of the payments made by him. That Dickson went into possession of the premises about July 15, 1905, under the judgment set forth in the pleadings, and has been in possession ever since and claims the right of possession by reason of Block's rescission of the Donovan deed and Block's deed to him; that plaintiff Donovan has fully complied with the terms of the judgment, and that defendants, Block and Dickson, have accepted all of the benefits of the judgment accruing to them.

"Eighth, that the defendant Block, on the 19th day of February,

1901, was, and ever since has been, insolvent, and that in 1903 he left the state and has not resided here since then.

"The prayer is that the court ascertain the amount due upon the various indebtedness, mortgages, and liens paid by Donovan, and that said amounts be declared valid and subsisting liens against the premises; that the value of the improvements made by Donovan upon the premises, and of the taxes paid by him, be adjudged a valid lien against the premises; that all of said liens be adjudged prior to the interest of Block or Dickson in the premises, and that a decree be entered for a sale of the premises to satisfy the amount due upon the lien, and for such other relief as the court may deem just and equitable."

Before considering the merits of the appeal we will briefly notice the practice pursued by counsel in presenting the appeal to this court. We do so not for the purpose of criticizing counsel or intending to reflect in the least upon their skill in the conduct of the litigation. We merely refer to the matter in the interest of proper and orderly procedure. Appellant, for reasons stated, has deemed it advisable, in preparing his abstract, to print not only the complaint, the sufficiency of which is challenged, but also over thirty pages consisting of the original complaint and answer thereto, and two amended complaints previously interposed, demurred to, and held insufficient. Notwithstanding the explanation offered by appellant's counsel for so doing, we can see no good purpose to be subserved by encumbering the abstract with these matters. The last amended complaint supplants all prior complaints, and its sufficiency, when attacked by demurrer, cannot be determined by any matters not appearing on the face of such complaint. In other words, it must stand or fall by the allegations upon its face alone. Extrinsic matters, therefore, have no proper place in the record. This, of course, also applies to the practice pursued by respondent in submitting his additional abstract. The matters contained therein consisting of the pleadings, findings, orders, judgments, and other papers in the prior litigation in the cases of Block v. Donovan and Donovan v. Block, have, as we view it, no proper place in the record on this appeal, and will therefore not be noticed further.

Coming to the merits, our sole inquiry must be whether the facts alleged in the complaint are sufficient upon their face to constitute a cause of action. This question must be resolved in appellant's favor

if the facts thus alleged entitle plaintiff to any relief. Hence, whether he is entitled to all the relief prayed for is not of vital or controlling importance on this appeal. We are agreed that an affirmative answer must be made to this question for reasons which we will state as briefly as possible.

As we view the facts which, for the purpose of the demurrer, are deemed to be true, plaintiff is clearly entitled to the relief prayed for to the extent, at least, of the claims held by the various persons against Block, and which appellant either paid, or purchased pursuant to his agreement with Block with the purpose and intent of satisfying the same as a part consideration for the deed executed and delivered by Block to him. Whether appellant's acts in taking up these claims constituted in law a payment or merely a purchase of assignments thereof is not very material as we view it. To the extent of the moneys he thus disbursed, either as payer or purchaser of these claims, they manifestly were disbursed because of the purchase of the land by appellant from Block and with the ultimate intention of satisfying the same as to Block. They should therefore be treated in the nature of a payment *pro tanto* of the agreed consideration for the deed from Block to appellant. In so far as plaintiff's right to recover for these items is concerned, it is not material what the nature of the action brought by Block against Donovan was, whether to rescind an executed grant of the real property, or, as intimated by respondent, to declare a forfeiture of an executory contract. In either event, appellant's right to assert a claim against the land for reimbursement for such expenditures was expressly recognized by this court in its decision of the case of Block v. Donovan, and his equitable rights were accordingly therein protected in the following language: "Payments made by defendant under the contract will stand as obligations against the plaintiff of the same character as when the contract was made." [13 N. D. 12, 99 N. W. 72.] This language cannot be ignored or treated as mere *obiter;* for it is included in the judgment entered by the district court after the filing of the remittitur from this court, and was also included in the remittitur which is the judgment of this tribunal. It is clear that it was thereby intended to adjudge that this appellant should, to the extent of moneys thus paid out by him, have the right to assert a lien against the land for his reimbursement. This was doing nothing more

than simple justice to appellant. Upon a cancelation of the deed and a rescission of the transfer, Block was restored to his estate, and manifestly he ought, in equity and justice, to be required to reimburse appellant for the moneys expended by him in taking up and satisfying the liens against such land. In the opinion in Donovan v. Block, 17 N. D. 406, 117 N. W. 527, we expressly recognized the former adjudication establishing Donovan's right to such reimbursement. As to these claims we need go no further than such prior adjudication, and we place our decision expressly thereon. According to the allegations of the complaint, the respondent Dickson occupies no better or more advantageous position than Block, his grantor. We have carefully considered the able argument of respondent upon the question of *res judicata* and subrogation; and while the rules contended for are, no doubt, sound as abstract propositions of law, we do not deem them applicable or controlling in the case at bar, for the obvious reason, as above stated, that this court has finally and conclusively settled the rights of the parties in so far as such payments are concerned. That the court had jurisdiction to thus adjudicate such rights can hardly be successfully questioned. The fact that the exact amount of such payments was not determined is not important. The important and vital question there settled was Donovan's right to assert such claims as against the land. In other words, the court, as a condition to granting relief to Block, recognized Donovan's right to reimbursement for these claims, and in legal effect held that such judgment could not be urged to estop Donovan from asserting such claim to reimbursement in proper proceedings which he might thereafter commence and prosecute for such purpose. The judgment in effect expressly reserved, by its terms, the adjudication of these claims as to the amount thereof. This being true, it is well settled that, even though such reservation was erroneously incorporated in the judgment, it is operative to prevent a bar.

Reynolds v. Hennessy, 17 R. I. 169, 20 Atl. 307, 23 Atl. 639; Wanzer v. Self, 30 Ohio St. 378; Gunn v. Peakes, 36 Minn. 177, 1 Am. St. Rep. 661, 30 N. W. 466. See also 24 Am. & Eng. Enc. Law, 2d ed. 777, and cases cited in note 2.

We think the foregoing sufficiently differentiates the case at bar from the cases of Isensee v. Austin, 15 Wash. 352, 46 Pac. 394; Hansbrough v. Peck, 5 Wall. 497, 18 L. ed. 520, and the other cases cited and

relied on by respondent, and fully answers respondent's contention on this phase of the case, leading to a reversal of the order appealed from.

We might stop here, but in view of further proceedings in the court below we deem it proper to briefly announce our views regarding plaintiff's right to recover for the alleged improvements made by him. As to such claim plaintiff is in no way aided by a reservation in the decree in the prior action of Block v. Donovan. We have carefully considered appellant's contention with reference to his claim for improvements. Such contention would, no doubt, have much merit if it had been urged under proper pleadings in the prior action of Block v. Donovan; but we think the judgment in that case is *res judicata* as to his claim for such improvements. The authorities relied on by appellant are cases where the allowance for improvements was made in the action canceling the deed. 6 Cyc. 342 and 343 and cases therein cited. Our Code expressly provides the rules governing rescissions of contracts (§ 5380, Rev. Codes 1905), and by § 6625 it is prescribed that "on adjudging the rescission of a contract the court may require the party to whom such relief is granted to make any compensation to the other which justice may require." But we think it is thereby clearly contemplated that such compensation shall be adjudged in the action in which such rescission is awarded, and not be left to future litigation unless expressly so reserved by the decree.

For the above reasons the order appealed from is reversed and the cause remanded for further proceedings.

Goss, J., did not participate.