WEATHERED MISSES SHOP, INC., Respondent, vs. COFFEY, Appellant.

*April 9—May 5, 1942.*

For the appellant there were briefs by *Francis A. Murphy* of Marinette, attorney, and *North, Bie, Duquaine, Welsh & Trowbridge* of Green Bay of counsel, and oral argument by *F. N. Trowbridge*.

For the respondent there was a brief by *O'Melia & Kaye* of Rhinelander, and oral argument by *John F. O'Melia*.

FRITZ, J.    The municipal court of Chicago is a court of limited jurisdiction; and, in the action in which it entered the judgment upon which plaintiff recovered judgment in the county court of Marinette county, there was personal service on defendant Coffey and a general appearance and participation on his behalf in all of the proceedings which culminated

in the entry of the municipal court judgment. The only issue on this appeal is whether that court had jurisdiction of the subject matter of the action in which the judgment was entered for plaintiff's recovery of $3,265.95 from Coffey. As the court's jurisdiction was limited, and is not to be presumed in an action brought in Wisconsin to recover on its judgment, it was incumbent upon plaintiff, in order to recover judgment thereon in this state, to establish that the municipal court had jurisdiction of the subject matter of the action, as well as of the defendant. Sec. 263.33, Stats. *Linschitz v. C. A. Neuberger Co.* 230 Wis. 304, 310, 283 N. W. 811. As we quoted with approval in that case,—

"the recitals contained in the minutes of proceedings must be sufficient to show that the case was one which the law permitted the court to take cognizance of, and that the parties were subjected to its jurisdiction by proper process." 2 Cooley, Const. Lim. (8th ed.) p. 858.

It is undisputed that the municipal court had jurisdiction of the defendant by service of process upon him and his general appearance in the action. In relation to the court's jurisdiction of the subject matter, there was proof on the trial in the county court to the following effect. The statutes of Illinois provide (in so far as here material) in sec. 2·of "An act in relation to a municipal court in the city of Chicago,"—

"That said municipal court shall have jurisdiction in the following cases:
"First. Cases to be designated and hereinafter referred to as cases of the first class, which *shall include* (a) all *actions on contracts, express or implied,* whether implied in law or implied in fact, when the amount claimed by the plaintiff, exclusive of costs, *exceeds* one thousand dollars ($1,000)." Ch. 37, sec. 357 (sec. 2), Smith-Hurd Ill. Rev. Stats. 1935.

In a certified transcript of the proceedings of the municipal court in the case entitled, Weathered Misses Shop, Inc., v. Daniel F. Coffey, the following appears. A summons was

served on the defendant Coffey in Chicago on February 5, 1936, and a general appearance was entered for him by his attorney, and a jury trial demanded. Issues were joined under pleadings consisting of plaintiff's amended verified "statement of claim," a "defence" filed by defendant, and a "reply" by plaintiff. The allegations in the "statement of claim" (so far as here material) are to the effect that during May and June, 1935, the defendant and Mrs. Daniel F. Coffey were married and living together at Marinette, Wisconsin; that during said months plaintiff, at the special instance and request of Mrs. Daniel F. Coffey made at Chicago, bargained, sold, altered, and delivered clothing and wearing apparel amounting in value to the prices then and there agreed upon between them and as shown on an attached statement of account; that said clothing and wearing apparel were proper expenses of the family of the defendant and said Mrs. Coffey for its use and were used by the family, and by force of the statute in such case made and provided the defendant became and is liable to plaintiff for said clothing and wearing apparel; and, furthermore, that plaintiff's claim is also upon an account stated for the same as shown by an attached statement of account, which reads, in part, as follows: "Chicago, Ill., June 30, 1935, Sold to Mr. Daniel F. Coffey, Marinette, Wisconsin . . . Amount $3,395.45. Statement from Weathered Misses Shop, Inc. . . ." Then, under dates of May 15, 16, 17, 22, 28, 29, 31, and June 4, there are listed thirty-five items of wearing apparel and alteration charges, totaled at $3,395.45; and there is the notation "All Bills Due and Payable First of Month Following Purchase."

Defendant, in his "defence," denies that the items of merchandise listed in plaintiff's statement of claim were proper expenses of his family or purchased for its use or used in his family; and he alleges that prior to May 15, 1935, and the sale of the merchandise he gave notice to plaintiff that his wife was incompetent and merchandise of the kind listed

should not be sold to her, and he would not authorize the sale of such merchandise and would not pay for the same if sold, and therefore, he denies being indebted to plaintiff for $3,395.45 or any other sum; and that the court is without jurisdiction of the subject matter in the cause, and the family-expense statute of Illinois is not applicable to the facts and circumstances set forth in plaintiff's statement of claim, that the laws of Wisconsin, the matrimonial domicile of the parties, govern the liability of the defendant herein and not the law of Illinois, and that in Wisconsin there is no family-expense statute such as exists in Illinois. In its "reply" plaintiff denies that defendant gave any notice to plaintiff that his said wife was incompetent, that merchandise of any kind should not be sold to her, that he would not authorize the sale of such merchandise, that plaintiff was not to sell such merchandise to her, or that he would not pay for same if sold; and plaintiff alleges that defendant's defense is bad in point of law and discloses no answer to the statement of claim in that the liability of defendant under the statutes of Illinois is not dependent upon any affirmative act, notice, or authority expressly given by defendant, but is imposed by virtue of the marriage or family relationship existing between the parties; and that the alleged defense that the court is without jurisdiction is bad in point of law and discloses no answer in that contract of sale between plaintiff and defendant's wife was entered into in Illinois and the statutes became a part of said contract of sale. Upon the trial of the issues under those pleadings the municipal court denied motions made by defendant, at the close of plaintiff's evidence and also at the close of all evidence, that the jury be instructed to find for the defendant; and also denied defendant's motion to set aside the verdict and for a new trial; and in relation to the judgment entered there is the following in the court's minutes:

"Be it remembered, to wit: That on the 15th day of February A. D. 1939, the following among other proceedings were had in said court and entered of record therein, to wit: . . ."

"This cause coming on for further proceedings herein, it is considered by the court that the plaintiff have judgment on the verdict herein and that the plaintiff have and recover of and from the defendant, Daniel F. Coffey, the damages of the plaintiff amounting to the sum of three thousand two hundred sixty-five and 95/100 dollars ($3,265.95) in form as aforesaid assessed together with the costs by the plaintiff herein expended, and that execution issue therefor."

Thus there was established on the trial in the county court that the subject matter of the case in the municipal court was plaintiff's claim against Coffey for $3,265.95 based upon contract because of an account stated in relation to the merchandise in question; and likewise upon contract in that under the Illinois family-expense statute the defendant Coffey, as the husband, was liable for merchandise sold and delivered in Illinois by plaintiff to his wife, at her special instance and request, at the agreed prices for use by his family and by which it was used. Such liability for family expenses is claimed by plaintiff to arise by virtue of the provisions of sec. 15, in ch. 68, Ill. Rev. Stats. 1939, that,—

"The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately."

Whether the recovery adjudged by the municipal court was or is considered as based upon either the alleged account stated or a contract, which was express or implied in fact or in law by virtue of the family-expense statute (*Arnold v. Keil,* 81 Ill. App. 237, 241; *Harty Bros. & Harty Co. v. Polakow,* 237 Ill. 559, 86 N. E. 1085), the subject matter of plaintiff's action was its sale and delivery in Illinois of wearing apparel purchased there by defendant's wife for the use of his family and used by it, and plaintiff's right to recover therefor from the defendant was clearly upon either the express or an

implied contract; and in either event the municipal court had jurisdiction, under the above-quoted provision in sec. 2, ch. 37, sec. 357, Smith-Hurd Ill. Rev. Stats. 1935, of the subject matter of the action and all issues of fact or law raised by the pleadings in relation thereto; and to enter the judgment in question. *Harty Bros. & Harty Co. v. Polakow, supra.* Consequently, as it is not claimed in the action brought in this state to recover on that judgment that there was any fraud in the proceedings by which the judgment was obtained, full faith and credit must be given thereto and it is not subject to collateral attack, but must be considered valid and conclusive upon all issues of fact and law involved herein and determined and concluded thereby in the state in which it was rendered. As is stated in Restatement of the Law, Conflict of Laws, p. 514, § 431,—

"A valid foreign judgment will not be denied recognition because of error of law or of fact in the proceedings before judgment.

"Comment *a:* A judgment creates a new right in the judgment plaintiff and imposes a new duty on the judgment defendant, independent of the cause of action alleged in the suit in which the judgment was given. Suit on a judgment is a suit on this new right, not on the old cause of action; and it is immaterial whether a cause of action did or did not exist before judgment."

*Hilton v. Guyot,* 159 U. S. 113, 202, 16 Sup. Ct. 139, 40 L. Ed. 95; *Fauntleroy v. Lum,* 210 U. S. 230, 237, 28 Sup. Ct. 641, 52 L. Ed. 1039; *Roller v. Murray,* 71 W. Va. 161, 76 S. E. 172, L. R. A. 1915 F, 984; *Kinnier v. Kinnier,* 45 N. Y. 535, 6 Am. Rep. 132; *Olds v. Glaze,* 7 Iowa, 86; *MacDonald v. Grand Trunk R. Co.* 71 N. H. 448, 52 Atl. 982; *Re Osborne,* 205 N. C. 716, 172 S. E. 491; *Van Matre v. Sankey,* 148 Ill. 536, 36 N. E. 628, 23 L. R. A. 665, 39 Am. St. Rep. 197.

Consequently, there cannot be considered or sustained in this action on the foreign judgment the appellant's conten-

tion that the family-expense statute of Illinois cannot operate to impose any duty on nonresidents from which a contract can be implied in law, although the merchandise in question was sold and delivered to them while in Illinois. As the action in *Mandell Bros. v. Fogg,* 182 Mass. 582, 66 N. E. 198, cited by appellant, was not based upon a judgment which had been rendered in Illinois to recover liability arising by virtue of the family-expense statute of that state, that case is not in point.

Although, because defendant alleged in his answer herein that the municipal court was without jurisdiction to entertain the action and render the judgment in question, the burden was on the plaintiff, under sec. 263.33, Stats., to establish the jurisdiction of that court, that burden was lifted by the facts proven by the certified transcript of the proceedings in the municipal court, and plaintiff's proof as to the provisions in sec. 2, ch. 37, sec. 357, Smith-Hurd Ill. Rev. Stats. 1935, in relation to the jurisdiction of that court. In these respects there is in point the statement in *Christiansen v. Kriesel,* 133 Wis. 508, 511, 113 N. W. 980,—

"But when the plaintiff put in evidence the duly authenticated transcript of the judgment roll, including the judgment showing that this court of Minnesota was a court having a judge, a clerk, a seal, and records, and that the defendant appeared in the action, the plaintiff lifted the burden of proof thus thrown upon him and established *prima facie* that the Minnesota court had jurisdiction of the person of the defendant and of the subject matter of the action. [Citing many cases.]"

The transcript of the proceedings which plaintiff introduced in evidence herein likewise showed that judgment was rendered by a court which had a judge, clerk, seal, and records. Although it does not appear expressly that the transcript is a copy of the entire judgment roll, the subject matter of the action and the proceedings therein are sufficiently shown by statements in the transcript in respect to pleadings, defendant's

motions, and the judgment ordered and entered upon a verdict by a jury, which was presumably in relation to the issues under the pleadings.

*By the Court.*—Judgment affirmed.