## STACKPOLE V. DAKOTA LOAN & TRUST CO. *et al.*

The payee of a bond secured by mortgage, who, on assigning it, guarantied "the collection of the principal sum  *  *  *  within six months after maturity," etc., was released from liability as guarantor, where the assignee did not bring any action to enforce the claim until two years after maturity, and gave no reason for such delay.

(Opinion filed Dec. 21, 1897.)

Appeal from circuit court, Spink county; 'A. W. CAMPBELL, Judge.

Action to foreclose a mortgage. From a judgment against defendant company for only part of the sum claimed, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Bennett & Sheldon,* for appellant.

*W. S. Glass* and *John B. Hanten,* for respondents.

FULLER, J.   On the 4th day of October, 1887, Sidney Harrington, the defendant Martin's grantor, executed and delivered to the defendant, the Dakota Loan and Trust Company a mortgage on real estate to secure the payment of his promissory note for $700, and interest, of even date, and due five years thereafter. Plaintiff, the assignee of the mortgagee, brings this action, more than two years after the maturity of the debt, for the purpose of foreclosing the mortgage, and to secure a deficiency judgment against the defendant loan company upon its written guaranty, as follows: "For value received, the

Dakota Loan & Trust Company, of Watertown, Dakota, hereby guaranties the collection of the principal sum mentioned in the within bond, within six months after maturity thereof, and payment of interest thereon until maturity, according to the terms of said bond and the interest coupons annexed thereto, this guaranty to inure to the benefit of any legal holder hereof, provided, that the company hereby reserves the right, having notified the holder, to purchase said bond at par, with accrued interest, whenever said company shall find it necessary so to do to protect its own interests." Upon the theory that the liability created by the foregoing instrument with reference to the collection of the principal sum terminated at the expiration of six months from the maturity thereof, a judgment in foreclosure was entered, decreeing a sale of the mortgaged premises, and, in case of a deficiency, recourse to the Dakota Loan & Trust Company was expressly limited to $334.37, interest found to be due, and the costs of the foreclosure proceeding. Plaintiff appeals.

This court having jurisdiction of the case, the view we shall take renders unnecessary a determination of respondent's motion to dismiss the appeal. We cannot construe this guaranty of collection, limited both as to time and amount, into a continuing guaranty of payment, without making a different contract for parties who have determined the character of an obligation, the terms of which are expressed in clear and concise language. The intention to guaranty the collection of the principal sum within six months after maturity, and the payment of the interest thereon, according to the terms of the bond, is so obvious that no room is left for construction. As a guaranty of collection is a conditional promise, binding upon the guarantor only in case of diligence on the part of the one for whom it is made, the parties were fully authorized to enter into an undertaking by which a period of six months after maturity was definitely agreed upon as a reasonable time within which appellant must proceed against her principal debtor

in order to hold respondent liable for the collection of the original loan. Respondent limited its liability by a warranty that the value of the mortgaged premises and the financial condition of the maker of the note should be such that payment might be enforced at any time within six months from the maturity of the debt, and in the absence of any excuse for the delay of two years, or a claim that the principal debtor was and is insolvent, appellant has no plausible reason for complaint. Hammond v. Chamberlin, 26 Vt. 406. As respondent undertook merely to guaranty that the principal sum was collectible at any time within six months after maturity, it was incumbent upon appellant to establish a breach of contract by competent evidence that the note was not collectible within the time limited; and, failing in that particular, no default or liability exists. A guaranty made on the 10th day of April, in the following language, "I warrant the within note good and collectible until the first day of July," was held to be of no force in September of the same year. Brandt, Sur. p. 118. In the absence of any agreement as to the duration of an undertaking of guaranty, the prompt employment of legal process has been regarded as presumptive evidence of due diligence, and, while conditions might arise that might prevent the entry of judgment within the period of six months, no reason is given for appellant's long delay before commencing an action to enforce his claim. The judgment of the circuit court is affirmed.

Rehearing denied March 16, 1898.