## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

### OF

# NORTH DAKOTA

---

### EZRA BLOCK v. E. I. DONOVAN.

Opinion filed July 1, 1903.

**Specific Performance — Equitable Relief.**

1. In an action for specific performance, wherein plaintiff prays for general equitable relief in case specific performance cannot be had, and where it appears that defendant has obtained a transfer of title to plaintiff's land under a contract by which the consideration for the deed was to be delivered to plaintiff contemporaneously with the delivery of the deed to him, but where defendant, upon transfer of title, failed, neglected and refused to turn over to plaintiff the notes, mortgages and papers for which the deed was made, but, while holding the fruits of his bargain, refuses to comply with his part of it for such time and until the real inducement for plaintiff's entering into the agreement has failed, so that the turning over of the agreed consideration for the deed will not execute the purpose of the parties when the contract was made, in this sense specific performance cannot be made. It is within the power of the court to decree a redeeding of the real property to plaintiff, or to decree a cancellation of the deed to defendant, or both.

**An Order Is Presumed to be Based on Competent Evidence.**

2. The district court ordered specific performance of the contract to be made within thirty days, and if not made within that time, that the deed be canceled. At the end of thirty days the contract and deed were ordered canceled. In the absence of proof that specific performance was made, except the recitals of the order, it will be presumed in this court that the order was based on competent evidence.

Appeal from District Court, Cavalier county; *Kneeshaw, J.*

Action by Ezra Block against E. I. Donovan. Judgment for plaintiff and defendant appeals.

Affirmed.

*Gordon & Lamb,* for appellant.

A clear and explicit written instrument supersedes all contemporaneous oral negotiations concerning the subject to which the same relates, and parol evidence is inadmissible. Strunk v. Smith, et al., 66 N. W. 926; Northwestern Fuel Co. v. Bruns, 1 N. D. 137, 45 N. W. 699; Western Twine Co. v. Wright et al., 78 N. W. 943; Wm. Deering & Co. v. R. R. Russel et al., 5 N. D. 319, 65 N. W. 691; Knudson et al. v. Grand Council of Northwestern Legion of Honor et al., 63 N. W. 911; Plano Manfg. Co. v. Root, 3 N. D. 165, 54 N. W. 924.

So with contracts executed by the acceptance of a contract tendered by the other party, by whom alone it is signed. 7 Am. & Eng. Enc. of Law (2d Ed.) 112, 122.

An instrument recorded without proper acknowledgment is not notice to a stranger, notwithstanding he may be aware of its existence from other sources. Main v. Alexander, 9 Ark. 112, 47 Am. Dec. 732; Hannah v. Carrington, 18 Ark. 105; Jacoway v. Gault, 20 Ark. 190, 73 Am. Dec. 494; Haski v. Sevier, 25 Ark. 152.

So with chattel mortgages required to be acknowledged. Forrest v. Tinkham, 29 Ill. 141; Porter v. Dement, 35 Ill. 478.

*Dickson & Dickson,* for respondent.

Plaintiff has pursued the correct remedy. Sections 5024 and 5025, Rev. Codes 1899. The action brought by the vendor against the vendee to recover purchase price is in the nature of specific performance. Shelly v. Mikkelson, 5 N. D. 22, 63 N. W. 210; Pom. on Cont. 6.

By accepting the title to the land and assuming the obligation to pay, cancel and return plaintiff's evidence of indebtedness, the defendant became a trustee and the plaintiff's remedy was by an action for specific performance to enforce the terms of the trust. 22 Am. & Eng. Enc. (1st Ed.) 998; Buck v. Swazy, 35 Me. 41, 56 Am. Dec. 681; Boyd v. Soule, 8 Gray, 554; Woodruff v. Railroad Co., 93 N. Y. 609, 16 Am. & Eng. R. R. Cases, 501.

Contracts for the delivery, execution, assignment or cancellation of promissory notes, for the transfer of debts and claims, may be enforceable specifically. 22 Am. & Eng. Enc. of Law (1st Ed.) 1000; Golscelk v. Stein, 69 Md. 51; Stokley v. Davis, 17 Ga. 177, 63 Am. Dec. 233; Tuttle v. Moore, 16 Minn. 123; Clark v. White, 12 Pet. 178, 9 L. Ed. 176; Henderson v. Johns, 13 Colo. 280, 22 Pac. 461.

It will be presumed that complete evidence was before the court upon all material points upon which a judgment is based. Cole v. Custer County Agricultural, Mineral & Stock Ass'n, 52 N. W. 1086; Reinig v. Hecht, 16 N. W. 548.

MORGAN, J. This is an action brought for the specific performance of a contract, or for a cancellation of the contract if specific performance shall fail. The facts out of which the action arose are as follows: On February 19, 1901, the plaintiff and his wife conveyed to the defendant their homestead. The price agreed on for the land was $1,500. There were mortgages and liens and taxes due and to become due against this land aggregating $1,597.95. The evidence of the two parties to the sale is conflicting as to how this price of $1,500 was to be paid. The plaintiff testifies that the defendant was to pay some of his outstanding debts so far as due, and return him the notes. These debts amounted in all to the said sum of $1,597.95. This sum included a note to Allert & Winter for $99.75, and plaintiff testifies that this note and a mortgage securing a part of said sum were to be paid by defendant and returned to him. The plaintiff further testifies that he was to pay to the defendant the sum of $97.95, being the excess of the total indebtedness over the $1,500, the price of the land, as agreed on. The Citizens' Bank of Langdon held a note secured by a mortgage on this land and a chattel mortgage for $220, and one McPhail had a note and mortgage against him. These two notes were to be paid by the defendant, and such payment credited as part of the price of the land. After the deed was delivered to the defendant, he refused to pay the Allert & Winter note and mortgage, claiming that he had not agreed to do so unless compelled to do so as a matter of law; and that he could not be compelled to pay it, as this mortgage was not a lien on the land as to subsequent purchasers. His claim was that this mortgage was not acknowledged properly, and therefore was not a valid mortgage

so far as his deed was concerned, as its record was not notice to him. Upon the failure of the defendant to pay this note, partly secured by mortgage, plaintiff paid it himself by some arrangement with Allert & Winter, and tendered the note and mortgage, duly satisfied, to the defendant, and demanded a compliance with his contract to return the other notes as agreed on. The defendant refused to turn over the notes unless he was paid $97.95 in cash. Defendant's contention is that the payment to him of the sum of $97.95 in money was a condition precedent to the turning over of these notes to the plaintiff, and, said sum not having been paid to him at all, no duty on his part has arisen to turn them over. Plaintiff testifies that no time was ever specified during which he was to pay the $97.95; that the Allert & Winter mortgage was to be immediately turned over to him the same as the bank and McPhail notes and all the others, except the $800 mortgage on the land, which was not yet due. The object of the plaintiff in selling the land on such terms was to secure a release of the bank mortgage and of the McPhail mortgage and the two mortgages on his personal property. He desired the release of this personal property from these mortgages so that he could raise money to pay other debts and obligations by mortgaging the property again. As corroborating his contention that he was not to deliver these notes and mortgages to plaintiff until he was paid the $97.95, the defendant relies on the following writing, known in the record as "Exhibit 1," viz.: "On payment to me of ninety-seven dollars and ninety-five cents by Ezra Block for a deed to me to southeast quarter section 8, township 161, range 60, given by Ezra and Nellie Block for one dollar, I agree to return to said Block a note for $220 to the Citizens' State Bank, a note of $164 to J. McPhail, a note of $100 to Mahon & Robinson and a note of $15 to Mahon & Robinson, and a note to Liebeler & Timerty for $85; excepting costs incurred. [Signed] E. I. Donovan." What was said and done when the above memorandum was drawn and given to the plaintiff is a matter of dispute between the parties. The plaintiff says it was not given him until after the deed was signed by him, and after the terms of the agreement had been fully settled. He says that he told the defendant that he wanted a guaranty from him that he would settle the notes, and in response to such request he received Exhibit 1; that he did not

read it at the time, and did not observe that it omitted mention of the Allert & Winter note; that he endeavored to have it corrected before his wife signed the deed, but failed to reach home in time. The defendant says that this writing expresses the agreement as entered into by them, and that it was thoroughly and carefully examined by plaintiff before he signed the deed.

From the testimony of these two parties we are called upon to decide what agreement the parties entered into when the deed was executed. If effect is to be given to Exhibit 1, then the payment of $97.95 was a condition precedent to the return of the notes mentioned. But we are forced to the conclusion that Exhibit 1 was no part of the agreement as entered into by the parties. The deed had been signed by plaintiff and delivered to Donovan before this writing was called for and drawn. True, the deed had not been acknowledged by plaintiff or his wife, but all the details of the transaction had been fully agreed upon. But the deed had been acknowledged by plaintiff before he discovered that Exhibit 1 did not correctly recite what the agreement was. By this writing it was attempted to incorporate into the contract matters that had not been mentioned in the conversation which culminated in the signing of the deed, and matters that were directly opposed to the terms of the contract as agreed upon before. The matter of costs, the omission of the Allert & Winter mortgage from the agreement, and that the $97.95 was to be paid as a condition precedent, were not in accordance with the previous conversations. Great stress is laid upon the fact that Exhibit 1 was taken and kept by Block, and that he thereby acquiesced in its terms. It was accepted by him believing that it contained a memorandum that Donovan was to pay these debts, and return the evidence thereof to him. As soon as he discovered that it did not correctly recite the agreement, he endeavored, without success, to have it corrected. The consideration for the deed was that plaintiff was to clear up his indebtedness to the extent named. He was selling his land without receiving any cash therefor, and for no other consideration save that of wiping out that much of his indebtedness and clearing his personal property of the chattel mortgages thereon. The defendant admits that the Allert & Winter note and mortgage was included in the total indebtedness of $1,597.95, and was considered by the plaintiff as a valid lien on the land, but was not so considered by

himself. By leaving this mortgage out of Exhibit 1, he wished to be allowed to test the validity of the mortgage, and at the same time compel Block to pay the amount of it in cash to him before the agreement became binding at all. This was not the agreement. Exhibit 1 never became effective as a part of their contract. Block never consented to it, and Donovan was promptly advised that it was not in accordance with the agreement, and he was not in any way injured or prejudiced by its retention by Block. It is plain from the evidence that Block never acquiesced in the terms of Exhibit 1. By it he must raise $97.95 before his property was cleared of chattel mortgages. He had no way of doing so if these mortgages were not satisfied. His personal property was all mortgaged, and foreclosures were about to be begun. If defendant's contention be true, the plaintiff deeded his land without benefiting himself at all so far as saving his personal property was concerned, or in any other way. That he should do so seems so improbable that we cannot accept it as a fact. Exhibit 1 was not a part of the agreement as entered into, and no further consideration is given to it.

On the day following the delivery of the deed, the personal property mortgaged to secure the Citizens' State Bank and McPhail notes was taken under the mortgages for foreclosure purposes. It fairly appears that this was done with the knowledge of the defendant, who made no effort to prevent it by paying the notes, as agreed to by him. Fifty dollars and seventy cents costs were incurred in taking the property under these mortgages. It is claimed by defendant that these costs were to be added to the $97.95 and the total sum to be paid by Block before the notes were to be turned over to him. This is denied by Block. There was no agreement as to costs when the contract was made and the deed signed. We think that the evidence shows that the payment of these costs by Block was not a condition precedent to the delivery of the notes to Block, and shows that the $97.95 was not to be paid before the delivery of the notes, and for the same reasons. If any costs had been made when the deed was delivered they were only nominal. Had Donovan performed his agreement promptly, no more costs would have been made. The question of fact involved in the appeal is therefore resolved in favor of the plaintiff. His right to have surrendered to him the notes and other evidences of the liens on this

land to secure his debts accrued at once on the delivery of the deed by him. Defendant refused to comply with this duty entirely. He has delivered none of the notes to plaintiff, and has only paid a small portion of the indebtedness. He is therefore in default, and has not performed the agreement. The right to compel him to perform in this form of action is not disputed. Shelley v. Mikkelson, 5 N. D. 22, 63 N. W. 210. His refusal was based not on a question of law, but on a question of fact. The plaintiff has performed every act to entitle him to a specific performance of the contract, and the defendant is in default on every act required of him to be done. Through defendant's fault the consideration of the contract has wholly failed; that is, he has done nothing to perform his part of the agreement. Such total failure of the consideration on his part would have entitled plaintiff to rescind the contract under section 3932, Rev. Codes 1899. The plaintiff prayed for a cancellation of the contract in his complaint if relief by specific performance became unavailable. It was granted by the district court unconditionally, after making findings of fact and conclusions of law that the deed would be canceled unless defendant specifically performed his contract within thirty days after service of such findings upon him. He refused to comply with his contract during the thirty days, and a judgment of cancellation was entered.

If it be conceded that a judgment for a specific performance of the contract could be properly entered in this case as to these notes or liens not already paid by defendant, still the plaintiff would not be necessarily limited to such relief. If relief by ordering specific performance would be impracticable, inadequate, or would not place the parties approximately in the same situations as if the contract had been performed, the court had the power to decree other relief within the issues made by the pleadings, if the facts warranted it. Bennett v. Abrams, 41 Barb. (N. Y.) 619. The decree that defendant specifically perform his contract might be ineffectual so far as restoring the plaintiff to such rights as the contract would have entitled him to is concerned. This was doubtless the ground on which the district court decreed a cancellation of the deed. It is strenuously urged that such decree is oppressive so far as defendant is concerned, and will cause him irreparable hardship, and he asks now to be allowed to specifically carry out the contract, if

found to be in default. We do not understand that the decree goes further than to cancel the deed. As to other matters, it leaves both of them practically in the same positions they were in when the contract was made. The defendant owns the bank and McPhail notes, which are amply secured on the land. We think this is a more equitable decree than would be one allowing him to now come in and specifically perform his contract. For over two years he has resisted compliance with his contract by resorting to harsh measures, so far as the plaintiff is concerned. He secured possession of the two notes mentioned under the contract, but in the place of offering them on conditions to plaintiff he commenced suit under them by taking the plaintiff's property for foreclosure purposes. His attitude has been to insist on payment of the $97.95 even after plaintiff had settled the Allert & Winter indebtedness. Under the contract he was to pay this $97.95 representing the Allert & Winter indebtedness. The plaintiff having paid this, it would seem unreasonable that he should refuse to carry out his contract because he desired to test the validity of the acknowledgment of that mortgage as notice when recorded. The power of the court to grant the decree of cancellation is not disputed in this case, and it does not appear that the decree works any greater hardship to the defendant than would follow to the plaintiff by allowing defendant to perform the contract now.

In the order for judgment of February 24, 1902, the district court ordered the defendant to pay off all the indebtedness of the plaintiff included in the contract of February 19, 1901, except the $800 mortgage and the Allert & Winter mortgage, and to turn back to the plaintiff all the notes given for such indebtedness, within thirty days after the service on him of a copy of the findings. The district court further made an order that, in the event of defendant's failure to pay off and discharge said indebtedness and to return said notes to the plaintiff within said thirty days; the plaintiff should be entitled to a cancellation of said deed of February 19, 1901, and a decree declaring him entitled to said land and the possession thereof. On the 3d day of May, and after the expiration of said thirty days, the district court ordered judgment to be entered canceling said deed, and declaring the plaintiff to be the owner and entitled to the possession of said premises. This order contained the following preliminary recital of facts: "And having

made his findings of facts and conclusions of law in accordance therewith, and the same having been filed in the office of the clerk of the court, and a copy thereof having been duly served upon the defendant personally, and the same having required said defendant to perform the conditions of the contract expressed therein within thirty days from the date of the said service, and more than thirty days having elapsed since the date of said service, and the defendant having failed, neglected and refused to perform the conditions of said contract by his failure, neglect and refusal to discharge the indebtedness of the plaintiff and to return the notes evidencing same, as set forth and required by the provisions of said findings." It is claimed by the appellant that the judgment should be reversed for the reason that there was no showing made that the defendant had failed to comply with this order. The record does not show affirmatively what evidence, if any, was taken on this question. The recital in the order is specific that there was a failure to comply with the previous order attached to the findings. There is no rule of court or statute stating how proof of such defaults shall be made, nor what such proofs shall be. There is no claim made that there was a compliance with such order. The district court is one of general jurisdiction, and had jurisdiction of defendant's person and of the subject matter of the action. There is a presumption in favor of its orders in such matters. In view of the recital in the order, it will be presumed that the order was based on proper evidence. Such orders are not necessarily made in term time, and no provision is made for the filing or preservation of proof in such matters. Hayne on New Trial and Appeal lays down the rule as follows: "If the record does not show what the action of the court was, or upon what it was based, and all the material circumstances in regard to it, it will be presumed to have been regular and correct. There must, therefore, be a record on appeal to make these facts appear to the Supreme Court; and in accordance with the presumption above stated the burden of preparing it is cast upon the appellant." Section 285, supra. See, also, Mannig v. McClurg, 14 Wis. 379; Mitchell v. Rolison, 52 Wis. 155, 8 N. W. 886. It does not, therefore, appear that the judgment was entered without evidence to support it, so far as this alleged default is concerned.

The judgment is affirmed. All concur.

## ON REHEARING.

### (April 11, 1904.)

On the reargument appellant contends that an action for specific performance is not the proper remedy under the facts of this case. His argument proceeds upon the theory that plaintiff's action should have been an action for the purchase price unpaid; that plaintiff deeded the land to defendant and accepted his promise to pay certain indebtedness of plaintiff's and, having relied on such promise, the consideration for the deed was such promise, and that the consideration for the deed has not failed. This position is not in accordance with the facts. The plaintiff did not convey the land relying upon defendant's promise that he would satisfy these outstanding claims some time in the future. The payment of these claims and the turning over of the securities duly satisfied were to be simultaneous as to time with the delivery of the deed. The complaint is not framed on the theory of an action for the purchase price. It is not the purchase price that the plaintiff seeks to recover. The prayer of the complaint is that "defendant be compelled to specifically perform said agreement, and to pay off and return to the plaintiff the said notes and indebtedness hereinbefore described, or in the alternative, for a redelivery and cancellation of said deed." The allegation of the complaint as to the agreement is that defendant was to pay off and return to the plaintiff certain described promissory notes. The action therefore is for the performance of a special contract according to its terms. It does not seek the payment of the money to plaintiff. It asks for more than the payment of money, and asks for the turning over of specific securities and evidences of debt. The relief asked is beyond that which could be awarded in an action at law. The action is not, therefore, one wherein a judgment at law could fully secure the relief asked for. Pomeroy on Spec. Perf., section 6, lays down the rule as follows: "While it is true that in these suits by the vendor there is generally some other act to be done by the purchaser besides the simple payment of money, the performance of which may be enforced by the decree, even in those cases where no such act has been undertaken by him in the contract, he may be compelled to accept the deed or assignment or other subject-matter, as well as to pay the price, so that the decree is not purely one for the re-

covery of money." In the case at bar the duty of paying the outstanding notes and procuring satisfaction of the securities and surrendering them to plaintiff devolved on defendant, and the action is brought to compel him to do so. It is true these acts call for the payment by him of money, but not to the plaintiff; and it is not true that a money judgment for the agreed price of the land would secure the plaintiff the benefit of his contract. Johnson v. Wadsworth (Or.) 34 Pac. 13. That the facts do not warrant an action for a specific performance was not raised in the trial court, nor in this court until the reargument; but we are satisfied the action is proper under the facts found, and that the action is not one where the relief sought is alone that of securing judgment for the price of the land. The contract is not one wholly executed. Plaintiff has fully executed his part of it, but the defendant has not complied with what he was to do under the terms of the contract. If plaintiff had not delivered the deed, and defendant had paid the notes and satisfied the mortgages and made a tender of them to plaintiff duly paid, no doubt would exist but that defendant could compel the plaintiff to execute and deliver the deed. The contract created mutual obligations, and the remedies thereunder are also mutual. Pomeroy on Spec. Perf., section 165; Pederson v. Dibble, 12 N. D. 572, 98 N. W. 411.

It is further urged that defendant should now be allowed by this court to specifically perform the contract, and that the decree canceling the deed was entered without due regard to the defendant's rights. That the procedure was irregular is true. The order of February 24th was not in accordance with the practice in specific performance actions. Vol. 20, Enc. Pl. & Pr. p. 504. The decree finally entered unconditionally canceled the deed. The prayer of the complaint asked for such cancellation if specific performance was found to be unavailing. The object of a suit for specific performance is to secure a decree placing the parties in the same position as they would have been in had the contract been promptly performed. If, by the action of the parties, or for other causes, the parties cannot be placed in such position, specific performance will not be decreed; but the court will adjust the equities of the case between the parties so as to do justice as near as possible to each. Worrall v. Munn, 38 N. Y. 137; King v. Morford, 1 N. J. Eq. 274. A decree of specific performance now will not give the plaintiff the benefits he was justly entitled to under the

contract. The defendant has persisted in refusing to comply with the contract when within his power, and has repudiated it entirely, although retaining the deed without any compliance with his contract. The order of February 24th required the defendant to pay the notes and turn them over to plaintiff within thirty days. The defendant refused to do so. That order gave him notice that, unless he did pay such notes, and turn them over, the deed would be canceled in accordance with the prayer of the complaint. He allowed the decree of cancellation to be entered against him. His appeal therefrom has not stayed the issuing of execution. He gave no bond to stay execution under section 5611, Rev. Codes 1899. If the defendant had deposited the notes, duly paid, in court, upon the making of the order of February 24th, to be turned over to plaintiff if, on appeal, it should be found that his contention as to the contract was erroneous, this court might order the decree modified, so as to permit him to now perform his contract. As the facts. now exist, we see no equitable reasons for so doing. As stated before, the decree of the district court does justice between the parties as nearly as could be done by any other decree, and more so than would be done by now allowing defendant to do what he should have done nearly three years ago. As it was within the legitimate exercise of the equitable power of the district court to order the cancellation of the deed under the facts as proven and the prayer of the complaint, and as such judgment adjusts the rights of the parties in an equitable manner, we find no sound reasons for interfering with the judgment. Papin v. Goodrich, 103 Ill. 86 ; Ferry v. Clarke, 77 Va. 407.

Payments made by defendant under the contract will stand as obligations against the plaintiff of the same character as when the contract was made.

The judgment is affirmed. All concur.