(117 N. W. 353.)

---

### E. I. DONOVAN v. EZRA BLOCK.

Opinion filed June 19, 1908.

Rehearing denied September 11, 1908.

**Chattel Mortgages — Replevin by Mortgagee — Time.**

1. On the uncontroverted facts of this case, it is *held,* that, as to the principal of the notes secured by the mortgages sought to be foreclosed, this action was prematurely brought.

**Judgment — Res Judicata.**

2. Plaintiff contends that he was entitled to the possession of certain chattel security for the purpose of foreclosing mortgages on the

same to recover two items of indebtedness from the defendant to him, aggregating $149. *Held,* that for this purpose the action cannot be maintained, for the reason that the liablity of the defendant to plaintiff for said items was litigated and determined adversely to the plaintiff herein in the case of Block v. Donovan, 13 N. D. 1, 99 N. W. 72.

Appeal from District Court, Cavalier County; *Kneeshaw,* J.

Action by E. I. Donovan against Ezra Block. Judgment for defendant, and plaintiff appeals.

Affirmed.

*W. A. McIntyre,* for appellant.

*Dickson & Johnson,* for respondent.

SPALDING, J. This is a claim and delivery action. The complaint is in the usual form, describing certain notes and chattel mortgages given by the defendant to a bank in Cavalier county, and by it transferred to the plaintiff herein. Plaintiff seeks possession of the security described in the mortgages for the purpose of foreclosure. He contends that default has been made in the payment of the debt originally secured by the mortgages, and that by an agreement with the defendant he was to hold them as security for additional sums of $97.95 and $51.05. The facts in the case are the same as those considered in Block v. Donovan, 13 N. D. 1, 99 N. W. 72, and no further reference thereto is necessary, except to say that Donovan purchased a farm of Block, against which there were apparent incumbrances amounting to $1,597.95. The value of the farm was assumed to be $1,500, and Donovan was to take care of the incumbrances up to that amount. He contends and contended in the case above referred to, that he was to take up none of the indebtedness until Block paid him the sum of $97.95, and that, in addition to the amount stated in the notes, he is entitled to foreclose the mortgages, and from the proceeds be repaid the sum of $149, evidenced by the two items referred to: The case was tried to a jury. The defendant submitted no evidence. Both parties moved for directed verdicts, but the court submitted the issues of fact to the jury which found for Block.

In a former opinion in this case we held that the court should have directed a verdict for the plaintiff, but our attention had not been called to certain portions of the issues and decision in Block v. Donovan, supra. We were, however, pointed to that part of the decis-

ion in that case wherein it was held, in effect, that Donovan had the right to enforce collection of the notes which he had paid, under his contract with Block, for the purchase of the farm.   On further examination of the record in the Block-Donovan case, we have reached an opposite conclusion from that arrived at on the first hearing of the case at bar.   It is possible that, as the evidence in the case at bar stood when it was submitted to the jury, without reference to the other action, a verdict should have been directed for the plaintiff, giving him possession of the security for the purpose of collecting the two items amounting to $149, but this case was not tried until after the trial of the other action, wherein the trial court on the same facts found Donovan not entitled to recover that item, and its judgment was affirmed on a trial de novo in this court.   This eliminates that item from our consideration.

As to the notes secured, this action was prematurely brought. At the time it was commenced Donovan was holding title to the land in question, and, as it appears, was attempting to enforce collection, in this proceeding, of the very notes which he had agreed to take up and deliver to Block as a part of the consideration for the land.   He could not do both, and could not maintain this action while holding title to the land.

!The conclusion we have arrived at in no way conflicts with what was said in Block v. Donovan of Donovan's right to payment of the notes taken over by him while holding title to the land.   The items aggregating $149 having been adjudicated in the other suit, and this action having been prematurely brought, we find nothing to litigate, and the judgment of the trial court must be affirmed. All concur.